**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 8 2012**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-34782 |
| | ) | |
| Wayne G. Orris, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING CONFIRMATION OF
### CHAPTER 13 PLAN

This case came before the court on March 6, 2012, for further hearing on confirmation, this time with respect to Debtor's pending proposed second amended Chapter 13 plan filed on February 1, 2012. [Doc. #41]. The Chapter 13 Trustee, Attorney for Debtor and an Attorney for First National Bank of Bellevue appeared in person. Another Attorney for First National Bank of Bellevue, representing the bank in connection with a different note and mortgage, appeared by telephone.

The First National Bank of Bellevue has objected to confirmation both in its capacity as the holder of a mortgage on Debtor's residence and in its capacity as the holder of a mortgage on certain commercial property in which Debtor has an interest. There are arrearages on both loans. The critical funding component of Debtor's proposed plan is cure of the mortgage arrearages and payment of the loans through sale of commercial property located at 255 SE Catawba Road in Port Clinton, Ohio. [Doc. # 41, Art. III, VI]. The property has been used as a seasonal business and is located in a tourism area.

Properly proposed, the court will confirm Chapter 13 plans that provide for sale of property as a

funding mechanism. As initially proposed, however, among other problems, the time of sale was open ended and lacked a deadline, a circumstance that was not an acceptable plan funding mechanism from the court's perspective. The second amended plan cures that problem by proposing sale to occur by September 1, 2012, coinciding with the period of maximum probable interest in and exposure of the seasonal property. Further, counsel reports that the property has now been listed for sale with a local broker with an asking price of $750,000, an issue that had been raised by the bank.

Nevertheless, the bank objects on the grounds of feasibility of the proposal to sell the property by September 1, 2012. [Doc. # 44]. The court agrees. In order to confirm the plan, the court must be able to find that "the debtor will be able to make all of the payments proposed under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). While the second amended plan addresses previous shortcomings of the proposed plan funding mechanism through sale of the commercial real estate, the bank raises a problem that Debtor cannot presently address and that materially impacts the likelihood of disposition of the real property as proposed. Debtor is only a part owner of the real estate, along with his non-debtor brother. While the Debtor's brother is presented as consenting to disposition of the property, a fact not presently evidenced of record, the brothers' deceased mother also owns a 66.5 % interest in the real property. No probate proceedings have ever been commenced with respect to Eileen Orris, although she died in 2006. Thus, even assuming the consent of Debtor's brother to sell, the brothers do not presently have the power to transfer title to the property to a buyer. Assuming Debtor's interest in the commercial property remains property of the bankruptcy estate after confirmation, which the plan does not propose, *cf.* 11 U.S.C. § 1141(b), this court's authority to order and authorize disposition of interests other than the bankruptcy estate's interest are limited by 11 U.S.C. § 363(f) and (h), and Rule 7001(3). Absent resolution of title as to Debtor's late mother's interest in the property, there is no showing how such authority could be obtained. While counsel reports that the brothers have taken steps to address the probate problem with the property, their present limited financial circumstances prevent them from doing so. Nor is there any time line offered that presents the reasonable probability of resolving this issue in time to allow for sale of the property before fall 2012. Thus, the court cannot find from the undisputed facts that "the debtor will be able to make all of the payments proposed under the plan and to comply with the plan."

The proposed plan also suggests an alternative if sale of the commercial property does not occur by September 1, 2012. Debtor states that he would seek to amend the plan to pay the arrearages over the then remaining 47 month life of the plan. [Doc. # 41, Art. VI]. However, that proposal would be contingent on further notice, hearing and court approval, *see* 11 U.S.C. § 1329, and is too vague to enable the court to

2

determine that Debtor's other financial resources, specifically his earnings from employment, [*see* Doc. # 39, Am. Schedules I and J, showing $194.33 in monthly disposable income] would permit Debtor to make the plan payments that would be required.

Based on the foregoing, and as otherwise stated by the court on the record at the hearing, confirmation of Debtor's proposed second amended plan will therefore be denied. Debtor did not request leave at the hearing to file another amended plan. Further proceedings herein will be set as may be required by further actions taken by any party in interest.[1]

**IT IS THEREFORE ORDERED** that confirmation of Debtor's proposed second amended plan filed on February 1, 2012, [Doc. # 41] is hereby **DENIED.**

---

[1] The First National Bank of Bellevue objection filed in connection with the commercial real estate mortgage, [Doc. # 44], is also postured as a motion to dismiss. However, the court is not treating it as such independently of the objection to plan confirmation. If the bank seeks dismissal of the case or other relief, it needs to file a separate motion to be independently set for hearing on proper notice.